IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Errika Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 C 50001 |
| | ) | |
| vs. | ) | |
| | ) | |
| S.C. Johnson & Son, Inc. | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

### ORDER

For the reasons stated below, this case is dismissed with prejudice.

### STATEMENT-OPINION

Plaintiff, Errika Brown, individually and on behalf of all other similarly situated, brings this action against defendant, S.C. Johnson & Son, Inc. Plaintiff is a citizen of Illinois. Defendant is a Wisconsin corporation with its principal place of business in Wisconsin. The aggregate amount in controversy is alleged to exceed $5 million. Jurisdiction is properly alleged under 28 U.S.C. § 1332(d)(2).

Defendant makes and sells Ziploc brand sealable plastic bags. Plaintiff asserts that packaging for defendant's slider bags and seal top bags are deceptive. She contends the slider bag label is deceptive in two ways: (1) because front contains the words "Power Shield Technology—Unbeatable Protection" which consumers would conclude meant the bags offer "best-in-class protection for whatever they put inside it" and (2) because the front contains the words "Stronger* Than Hefty on Punctures & Tears." The asterisk refers to a statement on the back of the box which states "Bag film tested using ASTM D1709 Dart Drop and ASTM D2582 PPT.") Plaintiff asserts the referenced tests "are not relevant and/or of limited applicability to consumer usage" of the bags. Plaintiff contends consumers are mislead because defendant does not prominently describe or explain the standards of these tests.

Plaintiff contends the seal top bag label is deceptive because it contains the words "Grip 'n Seal Technology—Unbeatable Freshness." She maintains "Unbeatable Freshness" tells consumers the bags are "superior to other similar products in preserving freshness" and possess "inherent qualities that maintain freshness." She asserts the "claim of unbeatable freshness is misleading because it misleads consumers who do not know advanced chemistry about food preservation to think the bags will be useful in all circumstances, when they will not. She states: "No single type of storage device can preserve freshness for the range of foods consumers would put in the bags."

Plaintiff alleges she purchased defendant's bags; that she did not know of the "complicated and inapplicable testing methods defendant relied on in making these claims; that she bought the bags because she expected them to provide superior protection, in terms of their own features and compared to other products and that they preserved freshness of all types of food "because that is what the representations said and implied." Plaintiff alleges she was disappointed because the bags did not provide superior protection, compared to themselves or other products, "nor superior preservation of the freshness of foods that were placed inside." She alleges she would not have purchased defendant's bags "if she knew the representations and omissions were false and misleading or would have paid less for [them]."

1

Plaintiff's claim is that defendant's misrepresentations injured her by inducing her to buy defendant's bags, which she would not have purchased or would have paid less for, had she known about the misrepresentations. Plaintiff has identified the following legal theories to support this claim for relief: (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, et seq.; (2) breach of an express warranty, breach of an implied warranty of merchantability/fitness for a particular purpose and breach of the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq.; (3) negligent misrepresentation; (4) fraud; and (5) unjust enrichment.[1] Defendant moves to dismiss [15] for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level, this requirement is met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v, Iqbal,* 556 U.S. 662 (2009).

ICFA

The elements of a claim under ICFA are: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Avery v. State Farm Mutual Automobile Insurance Co.*, 835 N.E.2d 801, 856 (Ill. 2005). "To adequately state a claim for a violation of ICFA, the challenged representation must be deceptive." *Fuchs v. Menard*, No. 17-cv-01752, 2017 WL 4339821 * 3 (N.D. Ill. 2017). "[A] court may dismiss an ICFA claim at the pleading stage if the statement is not misleading as a matter of law. A statement is deceptive if it creates a likelihood of deception or has the capacity to deceive, in that it may mislead a 'reasonable consumer,' as understood in light of all the information available to plaintiffs." *Id.*

Defendant argues the challenged phrases on the packages are mere puffery and therefore not actionable under ICFA. "Puffing denotes the exaggerations reasonably expected of a seller as to the degree of quality of his or her product, the truth or falsity of which cannot be precisely determined. Puffing in the usual sense signifies meaningless superlatives that no reasonable person would take seriously and so it is not actionable as fraud." *Barbara's Sales, Inc. v. Intel Corp.*, 879 N.E.2d 910, 926 (Ill. 2007) (quotation marks and citations omitted). The Illinois Supreme Court specifically has held that the word "best" is puffery and therefore not actionable. *Id.*

The Merriam-Webster Dictionary defines "best" as (1) "excelling all others" and (2) "most productive of good: offering or producing the greatest advantage, utility, or satisfaction." https://www.merriam-webster.com/dictionary/best. It defines "unbeatable" as (1) "not capable of being defeated" and (2) "possessing unsurpassable qualities." https://www.merriam-webster.com/dictionary/unbeatable. If defendant's label said "Power Shield Technology—Best Protection" or "Grip 'n Seal Technology—Best Freshness" it clearly would not be actionable under Illinois law. Saying "Power Shield Technology—Unbeatable Protection" and "Grip 'n Seal Technology—Unbeatable Freshness" is just as clearly not actionable under Illinois law. The definitions "possessing unsurpassable qualities" (unbeatable) and "excelling all others" (best) are indistinguishable from one another. A reasonable consumer would see "unbeatable" on defendant's label in the same way a reasonable consumer would see "best" on that label—as a "meaningless superlative that no reasonable person would take seriously." *Barbara's Sales*, 879 N.E.2d at 926. Plaintiff's claim that defendant's use

---

[1] The complaint also invokes the consumer fraud laws of states other than Illinois as supporting the claims of members of the putative class comprised of consumers who purchased defendant's bags in Michigan, Iowa, Rhode Island, Georgia, North Dakota, Texas, New Mexico, North Carolina, Virginia, New Hampshire, South Dakota, and Oklahoma.

2

of "Power Shield Technology—Unbeatable Protection" and "Grip 'n Seal Technology—Unbeatable Freshness" are actionable under ICFA fails because the terms are not deceptive under Illinois law.[2]

Plaintiff alleges that the appearance of "Stronger* Than Hefty on Punctures & Tears" on the front of the slider bag box with the asterisk referring the consumer to a statement on the back of the box which states: "Bag film tested using ASTM D1709 Dart Drop and ASTM D2582 PPT" is misleading because the referenced tests "are not relevant and/or of limited applicability to consumer usage of the product." She alleges defendant "misleads consumers by not prominently describing and explaining these standards to consumers, including their limitations."

Defendant argues that plaintiff does not allege that the "stronger than Hefty on punctures and tears" statement is untrue, nor does she allege that the cited ASTM tests did not show that defendant's slider bags were stronger on punctures and tears. Plaintiff has not plausibly alleged that a reasonable consumer would be misled by this language, which plaintiff does not allege is untrue. *Floyd v. Pepperidge Farm, Inc.*, 581 F. Supp.3d 1101, 1109 (S.D. Ill. 2022) ("There are no untruths on the packaging and there is no deception.") This language is not actionable under ICFA.

### Breach of Express, Implied Warranties and MMWA

"To proceed on an Illinois claim for breach of express warranty, Plaintiff must sufficiently plead that defendant (1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis of the bargain; and (4) guaranteed that the goods would conform to the promise. In a claim for breach of an implied warranty, plaintiff must allege that (1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect. To be merchantable the goods must be, among other things, fit for the ordinary purpose for which the goods are used." *Reinitz v. Kellogg Sales Company*, No. 21-cv-1239, 2022 WL 1813891, * 5 (C.D. Ill. June 2, 2022) (quotation marks and citations omitted). Dismissal of an ICFA claim that product packaging was misleading is fatal to claims for breach of express and implied warranties. *Id.*; *Chiapetta v. Kellogg Sales Company*, No. 21-CV-3545, 2022 WL 602505, * 6 (N.D. Ill. Mar. 1, 2022); *Spector v. Mondelez International, Inc.*, 179 F.Supp.3d 657, 674 (N.D. Ill. 2016).

"In claims brought under the MMWA, state law governs the creation of implied warranties." *Reintz*, 2022 WL 1813891 at * 5. Since the court has dismissed plaintiff's claim under both express and implied warranty theories under Illinois law, her claim under the MMWA must be dismissed as well. *Id*. ("As Plaintiff does not have viable state-law warranty claims, she cannot proceed under Magnuson-Moss."); *Chiapetta*, 2022 WL 602505 at * 7 (dismissing MMWA claim because express and implied warranty claims had been dismissed); *Floyd*, 581 F. Supp.3d at 1111 (dismissing MMWA claim because express and implied warranty claims had been dismissed).

### Negligent Misrepresentation, Fraud and Unjust Enrichment

Under Illinois law, fraud and negligent misrepresentation claims require a false statement of material fact. *Floyd*, 581 F. Supp.3d at 1112. Since the court has found defendant made no false statement, her negligent misrepresentation and fraud claims fail. Plaintiff's claim of unjust enrichment is tied to her fraud claim. Because plaintiff has failed to state a claim under a fraud theory, her claim under an unjust enrichment theory fails as well. *Reintz*, 2022 WL 1813891 at * 6.

---

[2] Plaintiff cites and discusses a report of the National Advertising Division ("NAD") of the Better Business Bureau (S.C. Johnson, Inc. (Ziploc Storage Bags), Report # 6983, NAD/CARU Case Reports (October 2021). However, Illinois law, not an NAD report, governs this case. The court must apply the law of Illinois.

Injunctive Relief

Plaintiff seeks injunctive relief, but she has not, and cannot, plead she is at threat for future injury because she is already aware of the asserted deception and has no basis to claim she will or must purchase defendant's bags in the future. *Id.* Additionally, the court has dismissed all plaintiff's claims, so there is nothing to enjoin, and the court lacks standing to grant injunctive relief. *Id*. at *6-7.

Multi-State Class

Plaintiff alleges the "Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to ICFA and prohibit the use of unfair or deceptive practices in the conduct of trade or commerce." Assuming this to be true, the complaint fails to state a claim under any of these statutes for the same reasons it failed to do so under ICFA—lack of deception. *See Jacobs v. Whole Foods Market Group, Inc.*, No. 22 C 2, 2022 WL 33692773, * 2 (N.D. Ill. Aug. 16, 2022).[3]

Normally, when a complaint is dismissed, the plaintiff should be given an opportunity to file an amended complaint unless amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 520 (7th Cir. 2015). Here, amendment would be futile because no amended complaint can change the fact defendant's label is not misleading. Plaintiff's request to file an amended complaint attaching the NAD report is denied.

For the foregoing reasons, this case is dismissed with prejudice.

Date: 1/13/2023                                ENTER:

_Philip G. Reinhard_
United States District Court Judge

Electronic Notices.

---

[3] Because the foregoing resolves the motion to dismiss, the court need not discuss the many other reasons advanced by defendant for dismissal.